STATE OF LOUISIANA      \*      NO. 2018-KA-0445

VERSUS      \*

     COURT OF APPEAL

CLIFFORD WILLIAMS      \*

     FOURTH CIRCUIT

     \*

     STATE OF LOUISIANA

\* \* \* \* \* \* \*


APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 516-674, SECTION "J"
Honorable Darryl A. Derbigny, Judge
\* \* \* \* \* \*
**Judge Dale N. Atkins**
\* \* \* \* \* \*
ON REMAND FROM THE LOUISIANA SUPREME COURT

(Court composed of Judge Terri F. Love, Judge Joy Cossich Lobrano, Judge Dale
N. Atkins)

Leon Cannizzaro
Donna Andrieu
Irena Zajickova
DISTRICT ATTORNEY'S OFFICE
ORLEANS PARISH
619 S. White Street
New Orleans, LA 70119

     COUNSEL FOR THE STATE OF LOUISIANA/APPELLEE

Autumn A. Town
LAW OFFICE OF AUTUMN TOWN, LLC
700 Camp Street
New Orleans, LA 70130

Graham L. Bosworth
LAW OFFICE OF GRAHAM BOSWORTH, LLC
700 Camp Street
New Orleans, LA 70130

     COUNSEL FOR DEFENDANT/APPELLANT

         **REMANDED WITH INSTRUCTIONS**
           **October 29, 2020**

*DNA*
*TFL*
*JCL*

This is a criminal appeal on remand from the Louisiana Supreme Court ("Supreme Court"). Clifford Williams ("Defendant") was convicted by a jury of second degree murder of Ralphmon Green.[1] The facts of this case—wherein the body of fifteen-year-old Ralphmon Green ("victim") was found unresponsive with a gunshot wound in his head in the 2100 block of Allen Street in New Orleans— were set forth by this Court in *State of Louisiana v. Clifford Williams*, 2018-0445 (La. App. 4 Cir. 2/27/19), 265 So.3d 902. For the reasons set forth below, the matter is remanded to the district court for the purpose of confirming that the verdict was non-unanimous.

## PROCEDURAL BACKGROUND

On July 18, 2013, Defendant was indicted for second degree murder of the victim and entered a plea of not guilty. Following a two day trial, the jury returned a verdict finding Defendant guilty of second degree murder. The trial court subsequently sentenced Defendant to life imprisonment without the benefit of parole, probation, or suspension of sentence.

---

[1] The record reflects that the jury's polling slips in this matter were filed under sealed, R., pp. 288-291. However, the jury's polling slips were not provided in the record lodged with this Court.

On appeal, Defendant asserted four assignments of error: (1) the evidence was insufficient to support his conviction for second degree murder; (2) that he was prevented from presenting a defense because the trial court precluded the introduction of certain evidence; (3) that his rights under Fifth and Fourteenth Amendments of the United States Constitution were abridged by an incomplete record on appeal; and (4) that his sentence to life imprisonment without the benefit of parole, probation, or suspension of sentence was unconstitutionally excessive. This Court affirmed Defendant's conviction and sentence finding no merit to his assignment of errors. Thereafter, Defendant sought review by the Supreme Court. The Supreme Court granted Defendant's writ of certiorari, but ultimately affirmed Defendant's conviction and sentence. *State v. Williams*, 2019-00490 (La. 4/3/20), ___ So.3d ___, 2020 WL 1671569.

However, on July 9, 2020, the Supreme Court granted Defendant's rehearing application "in response to defendant's newly raised assertion the jury's verdict was not unanimous." *State of Louisiana v. Clifford Williams*, 2019-00490, p. 1 (La. 7/9/20), ___ So.3d ___, 2020 WL3867126 (Mem). The Supreme Court remanded the matter for this Court to conduct a new error patent review pursuant to the United States Supreme Court's ruling in *Ramos v. Louisiana*, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020). *Id.* In particular, the Supreme Court held:

> The matter is remanded to the court of appeal for further proceedings and to conduct a new error patent review in light of *Ramos v. Louisiana*, 590 U.S.____, 140 S.Ct. 1390,____L.Ed.2d____(2020). If the non-unanimous jury claim was not preserved for review in the trial court or was abandoned during any stage of the proceedings, the court of appeal should nonetheless consider the issue as part of its error patent review. *See* La. C.Cr.P. art. 920(2).

*Id.*

**ERRORS PATENT**

Since this matter was pending direct review before the Supreme Court, the holding of *Ramos* applies in this matter. *See Griffith v. Kentucky*, 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d. 649 (1987). However, the record before us is unclear as it relates to the jury's verdict count. The record does not contain the sentencing transcript. A review of the trial transcripts reflects that no polling of the jury took place when the verdict was rendered and the minute entry does not reflect the verdict count.

The record reflects that the jury polling slips were sealed in the district court's records, but was not lodged before this Court.[2] To determine whether the jury's verdict was non-unanimous, we ordered the State and Defendant to file supplemental briefs addressing the issue. Additionally, we ordered the parties and the Clerk of Criminal District Court for Orleans Parish to supplement the record before this Court with the jury's polling slips. However, the record has not been supplemented with jury's polling slips, nor has the issue been sufficiently briefed for us to determine whether the jury's verdict was non-unanimous.

In *State v. Fortune*, 2019-0868 (La. App. 4 Cir. 8/12/20), ___ So.3d ___, 2020 WL 4679040, this Court addressed a similar issue. In *Fortune*, the defendant filed an appeal arguing that his conviction by a non-unanimous jury was unconstitutional. This Court noted that the appellate record was unclear as to whether the jury's verdict was non-unanimous. In particular, this Court noted that "the only evidence presented of the 10-2 verdict were the representations by the defense counsel and the prosecutor at

---

[2] R., pp.288-291.

3

sentencing." *Fortune*, 2019-0868, p. 2, __ So.3d __, 2020 WL 4679040, *1. As such, this Court remanded the matter to the district court with instructions to review the record to determine whether the verdict was non-unanimous. This Court further ordered the district court file a *per curiam* "addressing the *Ramos* issue and stating the outcome of its review." *Id.*

In this matter, we find the *Fortune's* Court course of action appropriate. Unlike in *Fortune*, there is no evidence in the record before this Court that reveals whether the jury verdict was non-unanimous. Thus, we remand this matter to the district court.

## DECREE

For the foregoing reasons, we remand this matter to the district court with instructions to conduct a review for the purpose of confirming whether the jury's verdict was non-unanimous. Once the district court has conducted its review, the district court shall file a *per curiam* within ten days of this ruling to address the *Ramos* issue and providing the outcome of its review.

**REMANDED WITH INSTRUCTIONS**